**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Larry Eric Carness, | Case No. 2:24-cv-00089-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Martin O'Malley, Commissioner of Social Security, | |
| Defendant. | |

Presently before the Court is plaintiff Larry Carness' application to proceed *in forma pauperis* (ECF No. 1), filed on January 11, 2024.

### I.    *In Forma Pauperis* Application

All parties instituting any civil action, suit, or proceeding in a district court of the United States must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999).

Mr. Carness has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

The Court will next screen Plaintiff's complaint. ECF No. 1-1.

### II.    Screening the Complaint

#### A.  Standard of Review

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).[1] In screening the complaint, a court must identify cognizable

---

[1] Although  1915 largely concerns prisoner litigation, § 1915(e) applies to all *in forma pauperis* proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]").

1    claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may

2    be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

3    § 1915(e)(2).

4         Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for

5    failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668

6    F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient

7    factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft

8    v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether the complaint is sufficient to state a

9    claim, all allegations of material fact are taken as true and construed in the light most favorable to

10   the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998)

11   (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual

12   allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v.

13   Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is

14   insufficient. *Id.*

15        If a plaintiff's complaint challenges a decision by the Social Security Administration,

16   before filing a lawsuit, the plaintiff must exhaust administrative remedies. *See* 42 U.S.C.

17   § 405(g); *see also Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curiam)

18   ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been

19   party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the

20   claim"). Generally, if the SSA denies a claimant's application for disability benefits, the claimant

21   may request reconsideration of the decision. If the claim is denied at the reconsideration level, a

22   claimant may request a hearing before an administrative law judge. If the ALJ denies the claim, a

23   claimant may request review of the decision by the Appeals Council. If the Appeals Council

24   declines to review the ALJ's decision, a claimant may then request judicial review. *See generally*

25   20 C.F.R. §§ 404, 416.

26        Once a plaintiff has exhausted administrative remedies, he may obtain judicial review of a

27   SSA decision denying benefits by filing suit within 60 days after notice of a final decision. *Id.* An

28   action for judicial review of a determination by the SSA must be brought "in the district court of

1    the United States for the judicial district in which the plaintiff resides." *Id.* The complaint should

2    state the nature of plaintiff's disability, when plaintiff claims he became disabled, and when and

3    how he exhausted his administrative remedies. The complaint should also contain a plain, short,

4    and concise statement identifying the nature of plaintiff's disagreement with the determination

5    made by the SSA and show that plaintiff is entitled to relief.

6        A district court can affirm, modify, reverse, or remand a decision if plaintiff has exhausted

7    his administrative remedies and timely filed a civil action. However, judicial review of the

8    Commissioner's decision to deny benefits is limited to determining: (a) whether there is

9    substantial evidence in the record as a whole to support the findings of the Commissioner, and

10   (b) whether the correct legal standards were applied. *Morgan v. Comm'r of the Soc. Sec. Adm.*,

11   169 F.3d 595, 599 (9th Cir. 1999).

12       **B.  Analysis**

13       Here, Mr. Carness alleges his applications for disability insurance benefits and

14   supplemental security income were denied initially, upon reconsideration, and by the

15   Administrative Law Judge ("ALJ") following a hearing. ECF No. 1-1 at 2. Plaintiff further

16   alleges that on November 15, 2023, the Appeals Council denied the request for review, and, at

17   that time, the ALJ's decision became the Commissioner's final decision. *Id at 3*. Plaintiff filed

18   this action on January 11, 2024, which is within the allowable period. Thus, it appears that Mr.

19   Carness has exhausted the administrative remedies and timely commenced this action.

20       The complaint also indicates that Plaintiff resides within the District of Nevada and the

21   nature of her disability.[2] *Id*. at 1, 2-3.

22       Finally, the complaint includes sufficient facts to state a claim for relief, alleging that the

23   "ALJ did not state clear and convincing reasons for rejecting the symptom and limitation

24   testimony that Carness has headaches that require him to sleep it off and having about 15 to 20

25

26   [2] The Court is aware of district courts in the Ninth Circuit that require a plaintiff who proceeds *in forma pauperis* on social security appeals to include the onset date of her alleged disability in the complaint. *See, e.g., Montoya v. Colvin*, No. 216CV00454RFBNJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016).

27   While the Court believes that it is best practice to include this information and advises Plaintiff's counsel to do so when filing future complaints, the Court will not dismiss Plaintiff's complaint because of this

28   omission.

1    headaches a month and is unable to concentrate," and "the ALJ decision does not have the

2    support of substantial evidence as it does not have a medical opinion in order to assess a residual

3    functional capacity." *Id*. at 3.

4         Accordingly, Plaintiff alleges a cognizable claim upon which relief can be granted.

5    **III.    Conclusion**

6         **IT IS THEREFORE ORDERED** that

7         1.    Plaintiff Larry Carness's request to proceed *in forma pauperis* (ECF No. 1)

8    is GRANTED. Plaintiff will not be required to pay the filing fee of $400.00.

9         2.    Plaintiff is permitted to maintain this action to conclusion without the

10   necessity of prepayment of any additional fees or costs or giving security for them. This Order

11   granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at

12   government expense.

13        3.    The Clerk of Court must file the complaint (ECF No. 1-1).

14        4.    The Clerk of Court must serve the Commissioner of the Social Security

15   Administration by sending a copy of the summons and complaint by certified mail to: (1) Office

16   of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite

17   800, San Francisco, California 94105-1545; and (2) the Attorney General of the United States,

18   Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

19        5.    The Clerk of Court must issue summons to the United States Attorney for

20   the District of Nevada and deliver the summons and complaint to the U.S. Marshal for service.

21        6.    From this point forward, Plaintiff must serve on Defendant or, if

22   appearance has been entered by an attorney, on the attorney, a copy of every pleading, motion, or

23   other document submitted for consideration by the Court. Plaintiff must include with the original

24   paper submitted for filing a certificate stating the date that a true and correct copy of the

25   document was personally served or sent by mail to Defendant or counsel for Defendant. The

26   Court may disregard any paper received by a district judge or magistrate judge that has not been

27   filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk that

28   fails to include a certificate of service.

1

2          DATED: January 17, 2024

3                                              _____
                                               BRENDA WEKSLER
4                                              UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28